UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donald Wilson Lee, | ) C/A No.: 4:11-777-JFA-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Darlington County Detention Center; Officer Roger Johnson, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## I. PROCEDURAL BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983[1] on April 4, 2011. Plaintiff alleges that his constitutional rights were violated by Defendants. On August 4, 2011, Defendant Darlington County Detention Center (DCDC) filed a motion to dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. As the Plaintiff is proceeding *pro se*, the court issued an order on or about August 5, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion to dismiss. Plaintiff has not responded to Defendant DCDC's motion to dismiss or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to Defendant DCDC.

In the alternative, the undersigned will address the motion to dismiss filed by Defendant Darlington County Detention Center.

### III. STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

> Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV. ANALYSIS

In the motion to dismiss, Defendant DCDC asserts it is not a natural person subject to suit pursuant to 42 U.S.C. §1983. Defendant DCDC argues that it is an institutional building, not a person, and should be dismissed as a party in this action.

In his complaint, Plaintiff alleges that while housed at the DCDC he was injured when Defendant Johnson intentionally injured his finger by slamming the "door flap" of a cell door while

3

collecting food trays. Plaintiff asserts that he would like "Darlington County Detention Center to be held accountable for its officer's misconduct and the officer." (Complaint, p. 4).

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1230 (2002). It is well settled that only "persons" may act under color of state law. Therefore, a defendant in a section 1983 action must qualify as a "person."

Darlington County Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. DCDC is not a "person" subject to suit under 42 U.S.C. § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, DCDC is not a proper party defendant in this § 1983 action and should be dismissed. Accordingly, Defendant DCDC's motion to dismiss (doc. #25) should be granted.[2]

---

[2] As Plaintiff has failed to file a response to the Defendant's motion, there is no dispute that this matter is properly considered under Rule 12(b)(6).

## V.  RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that Defendant Darlington County Detention Center be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). In the alternative, it is

RECOMMENDED that Defendant Darlington County Detention Center's motion to dismiss (Doc. #25) be GRANTED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 23, 2011
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**