IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donald Wilson Lee, ) | C/A No.: 4:11-cv-777-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Darlington County Detention Center, ) | |
| Officer Roger Johnson, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on Plaintiff Donald Wilson Lee's objections to the Report and Recommendation ("R&R") issued by a United States Magistrate Judge. The Magistrate Judge has recommended that the instant action be dismissed pursuant to Fed. R. Civ. P. 41(b) as to Defendant Darlington County Detention Center ("DCDC"). In the alternative, the Magistrate Judge recommends that DCDC's Motion to Dismiss be granted because DCDC is not a proper party defendant in this § 1983 action. Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the Magistrate Judge's recommendation with regards to granting DCDC's Motion to Dismiss and fully incorporates the Magistrate Judge's discussion of dismissal under Fed. R. Civ. P. 12(b)(6) into this order.

**I.     Factual and Procedural History**

Plaintiff brought the instant 42 U.S.C. § 1983 claim, alleging that while housed at DCDC he was injured when Defendant Johnson intentionally injured his finger by

1

slamming the "door flap" of a cell door while collecting food trays. After the plaintiff filed his complaint, DCDC filed a motion to dismiss for failure to state a claim. The Magistrate Judge issued a Roseboro Order directing the plaintiff to respond and informing the plaintiff of the consequences of not responding. The plaintiff failed to file a response, so when the Magistrate Judge issued his R&R, he recommended that this court dismiss Plaintiff's claim for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). In the alternative, the Magistrate Judge recommended that the plaintiff's claim as to SCDC be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff has filed an objection to the Magistrate Judge's R&R.

**II.    Legal Standards**

    **A.    The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1) (2006). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

**B.    Rule 12(b)(6) Dismissal**

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff has failed to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Analysis

The Magistrate Judge has recommended that this court dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. However, because the plaintiff has filed objections to the R&R, the court does not adopt the Magistrate Judge's recommendation to dismiss this case for the plaintiff's failure to prosecute.

Plaintiff asserts that he would like "Darlington County Detention Center to be held accountable for its officer's misconduct and the officer." (ECF No. 1). The Magistrate Judge has recommended, and this court agrees, that DCDC is not a proper party defendant in this § 1983 action and should be dismissed. In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was

injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Magistrate Judge points out that DCDC is a group of buildings or a facility and that DCDC does not qualify as a "person" who is subject to suit under § 1983. Furthermore, as a group of buildings or a facility, DCDC is unable to act "under color of state law." Based on these findings, the Magistrate Judge recommends that Plaintiff's claims against DCDC be dismissed.

In his objections, the plaintiff repeats the factual allegations that he raised in his complaint. He also states that "[t]hey should not hire such people with such carelessness." (ECF No. 34). However, he does not submit any arguments that DCDC is a proper § 1983 defendant. As such, this court adopts the Magistrate Judge's recommendation that Defendant Darlington County Detention Center be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.  Conclusion

The court hereby grants Defendant Darlington County Detention Center's Motion to Dismiss. Accordingly, Defendant Darlington County Detention Center is dismissed from this case.

IT IS SO ORDERED.

December 5, 2011                             Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

4