UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donald Wilson Lee, | ) C/A No.: 4:11-777-JFA-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Officer Roger Johnson;<br>Darlington County Detention Center (Terminated:12-5-2011) | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on April 4, 2011. Plaintiff alleges that his constitutional rights were violated by Defendant. At all times pertinent to the allegations in the complaint, Plaintiff was a pretrial detainee at the Darlington County Detention Center (DCDC). On December 15, 2011, Defendant Roger Johnson (Defendant) filed a motion for summary judgment.[2] As the Plaintiff is proceeding *pro se*, the court issued an order on or about December 19, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

## II. RULE 41(B) DISMISSAL

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Defendant Darlington County Detention Center was dismissed by Order of the Court on December 5, 2011. (See doc.#43).

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendant Johnson's motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to Defendant Johnson.

In the alternative, the undersigned will address Defendant's motion for summary judgment as to the exhaustion issue.

### III. DISCUSSION

## A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, Plaintiff alleges cruel and unusual punishment and deliberate indifference to medical treatment. Specifically, Plaintiff alleges that on January 16, 2011, Defendant Johnson was colleting food trays from inmates' cells and slammed the cell door food flap on Plaintiff's finger resulting in a cut to the finger. Further, Plaintiff alleges that he did not receive medical attention until three hours after he was injured. (Complaint). Plaintiff asserts that he filed a grievance on January 17, 2011, but did not receive a response. Plaintiff seeks monetary damages. Defendant alleges that he did not violate Plaintiff's constitutional or statutory rights. Defendant admits that Plaintiff's finger was somehow pinched in the cell door food flap. Defendant asserts it was not intentional but was by pure accident. Further, Defendant asserts Plaintiff has not exhausted his administrative remedies.

## B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting

his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations.

Defendant submitted the affidavit of Major Mitch Stanley who attests that he is employed by the DCDC and was so employed at the time of the alleged incident set forth in Plaintiff's complaint. (Stanley affidavit, Doc. #46-1). Plaintiff was arrested and charged by the Darlington County Sheriff's Department on November 18, 2010, with six counts of attempted murder, criminal domestic violence of a high and aggravated nature, malicious damage to property, kidnaping, and two counts of possession of a weapon during a violent crime. (Id.). Plaintiff was being held in the DCC as a pre-trial detainee until he was bonded out in October 2011. (Id.). Plaintiff's finger was accidently pinched in his cell door food flap on January 16, 2011. (Id.). The cell door food flap is used to pass food and other items to an inmate without having to unlock and open the cell door. (Id.). The flaps are secured with a lock and must remain shut at all times for security reasons. (Id.). As soon as Plaintiff was injured, he was immediately afforded medical treatment by the DCDC medical staff. Once the medical staff determined that his finger required stitches, Plaintiff was transported

to the Carolina Pines Regional Medical Center for further treatment that same day. (Id.). The DCDC has an Offender Grievance Procedure known as Policy Number 3.5.6. (Id.). Stanley attached a copy of said Offender Grievance Procedure and a black Inmate Grievance Form. (Id.). Inmates may file an informal grievance, standard grievance or emergency grievance and may appeal the resolution of a grievance to the Detention Center Director. Stanley asserts that he reviewed Plaintiff's grievance file at the DCDC and there is no record of Plaintiff filing any grievance regarding the allegations in the complaint and no record of Plaintiff filing an appeal of a resolution of a grievance. (Id.). Therefore, Stanley attests that Plaintiff has not exhausted his administrative remedies regarding the allegations asserted in his complaint. (Id.).

As previously stated, Plaintiff did not file a response to the motion for summary judgment. Further, although on the complaint form Plaintiff indicated that he filed a grievance on January 17, 2011, and never received a response, he did not attach a copy of said grievance. The complaint was received by the Clerk of Court on March 30, 2011.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[3] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions

---

[3] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the Plaintiff here.

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that Defendant's motion for summary judgment (doc. #46) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to prosecute and failure to exhaust the administrative remedies, the merits will not be addressed.

## III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is recommend that Defendant's motion for summary judgment (document #46) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 5, 2012
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**